OBERMEYER (UNITED STATES v.). See Case No. 15.907.

O'BRIAN (UNITED STATES v.). See Case No. 15.908.

---

## Case No. 10,397.

### In re O'BRIEN.

[1 N. B. R. (1873) 176; [1] Bankr. Reg. Supp. 38; 6 Int. Rev. Rec. 182.]

Circuit Court, N. D. New York.

BANKRUPTCY—APPEAL FROM ADJUDICATION TO CIRCUIT COURT.

1. Where an appeal from an adjudication of bankruptcy was made from the district courts

---

[1] [Reprinted from 1 N. B. R. 176, by permission.]

to the circuit court: *Held*, such appeal would not lie. and should be dismissed for want of jurisdiction.

[Cited in Farnsworth v. Boardman, 131 Mass. 118.]

[2. Cited in Re Goodman, Case No. 5.540, and in Lawyer v. Gladden, 110 Pa. St. 581, 1 Atl. 660, to the point that, in a state where a feme covert may be sued upon her contracts, she may be declared a bankrupt.]

[Appeal from the district court of the United States for the Northern district of New York.]

[In the matter of Mary A. O'Brien, a bankrupt.]

NELSON, Circuit Justice. The decision in the court below, and which is sought to be revised on this appeal is, that a feme covert, a trader, is within the bankrupt act of the 2d March, 1867 [14 Stat. 517]; and may be declared a bankrupt. A preliminary question is raised, and must first be disposed of, and that is, whether the adjudication is one that may be revised on an appeal to this court? The second section of the act is chiefly relied on, which declares "that the several circuit courts of the United States, &c., shall have a general superintendence and jurisdiction of all cases and questions arising under this act; and, except when special provision is otherwise made, may upon bill, petition, or other process, of any party aggrieved, hear and determine the case in a court of equity. The powers and jurisdiction hereby granted may be exercised either by said court or by any justice thereof in term time, or vacation." Concurrent jurisdiction is also given to the circuit courts with the district courts in suits by the assignee in bankruptcy against any person claiming an interest in the property of the bankrupt, or by such person against the assignee. Although the language of the fore part of this section is very broad and comprehensive, and the scope of it difficult to understand, yet we are inclined to think that, in connection with other provisions of the act, it must be construed as relating to cases of original, and not of appellate jurisdiction. If construed to relate to the latter, it is apparent that every question decided by the district courts in the course of the proceedings in bankruptcy, would be subject to an appeal, which could hardly have been the intention of congress. But what, in our judgment, is decisive of this construction is, that the subject of appeals to this court from the district courts is specially provided for and limited. The 8th section declares that appeals may be taken from the decision of the district courts in two cases: First, by the creditors whose claim against the bankrupt has been wholly or in part rejected; and, second, by the assignee who is dissatisfied by the allowance of any claim. These two appeals arise out of the decisions of the district court in the course of the bankrupt proceedings proper, and are the only instances of the kind provided for.

They are distinct from appeals in cases in equity arising under the act, when the debt or damages amount to more than $500. The 24th section provides for the mode of appealing by the aggrieved creditors, and one of the rules in bankruptcy carries it out more in detail. Having arrived at the conclusion that the decision is not the subject of an appeal, and hence, that this court has no jurisdiction of it, the question on the merits is not before us, and will not be examined. Appeal dismissed.